FRANCIS DEAN, Respondent, v. EMILY HALLIBURTON, Administratrix, etc., of WILLIAM S. HALLIBURTON, Deceased, Appellant.— Judgment and order reversed upon the law and a new trial granted, with costs to appellant to abide the event, for error in denying defendant's motion to postpone the trial because of the absence of material witnesses. Of these witnesses, the wife and daughter of the alleged incompetent were not without justification in repairing to the bedside of their dying husband and father whose death occurred three days after the trial. So that their absence was undoubtedly in good faith. The question is properly presented on the appeal taken from the judgment where the motion to postpone was made, as was here the case, during the trial. (2 Nichols N. Y. Prac. § 1572. See, also, *Gregg* v. *Howe*, 37 N. Y. Super. Ct. 420; *Gallaudet* v. *Steinmetz*, 6 Abb. N. C. 224.) The stipulation that either party might read the testimony of any witness given on the former trial did not comprehend the testimony of the absent witnesses. It was for the erroneous exclusion of testimony that they might have been expected to give that the former judgment was reversed. Hence, reading their former testimony would not reach the testimony ruled out. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

MAX FRIEDMAN, Respondent, v. BELLAIRE MANOR, INC., Appellant.— Order denying motion to set aside service of summons and to vacate the judgment entered thereon affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

LOUIS P. GOLDBERG, Appellant, v. ADAM KLETZ and Another, Respondents.— Judgment of the County Court of Kings county reversed upon the law and the facts, and a new trial ordered, with costs to the appellant to abide the event. The dismissal of the complaint as to both defendants was error; the disputed question of fact should have been submitted to the jury. The trial court also erred in excluding evidence of the defendant Enright's admission in his former answer at folios 233 to 239 of the record, and in admitting in evidence the defendants' Exhibits A and B at folios 547 and 549 of the record. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

NATHAN HYMAN, Respondent, v. HUNTINGTON LUMBER AND COAL COMPANY, Appellant.— We are of opinion that the verdict of $500 is excessive. Judgment and order reversed and a new trial granted, with costs to abide the event, unless within twenty days plaintiff shall file a stipulation consenting that the verdict be reduced to $250. In the event of such stipulation the judgment and order are unanimously affirmed, without costs. (See memorandum in *Smith* v. *Huntington Lumber & Coal Co.*, decided herewith, *post*, p. 807.) Kelly, P. J., Rich, Manning, Kelby and Kapper JJ., concur.